LEMMON, Justice,
concurring.
The purpose of the enactment of La.C. Cr.P. Art. 583 was to insure that the state had an adequate amount of time to commence prosecution if an “interruption should occur during the prescriptive period established by Article 582”. (emphasis added). See Reporter’s Notes, Louisiana State Law Institute Advisory Committee meeting, November, 1971. Therefore, Article 583 may reasonably be limited to those cases in which the interruption occurs after the new trial has been obtained by the defendant. In the present case, the purpose of Article 583 would not be served by interpreting the article in favor of a defendant who created the confusion responsible for the delay by escaping from prison while her conviction is on appeal and before a new trial was obtained.[1]
Prescriptive criminal statutes should be strictly construed in favor of the state. There was no unreasonable delay here. Defendant was tried within six months of her indictment. Her escape shortly after her conviction created a state of confusion at a time when prescription was not running (because the conviction had not yet been reversed). Because the interruption did not occur during Article 582’s prescriptive period, Article 583 is inapplicable, and the period for which prescription began to run anew when the interruption ceased should be fixed by reference to Article 579, subd. B at two years.

. This Court certainly would not have ruled on defendant’s appeal if informed that she was at large. Further, the district attorney represents that the new trial was set as soon as his office learned that she had been recaptured, the cause of the delay being that she was returned upon recapture to the state penitentiary (not the local parish prison) from which she escaped.